IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEROME EVERETT,               )     CASE NO. 1:04CV1897

                               )

                               )     JUDGE OLIVER

               Plaintiff,       )

                               )     MAGISTRATE JUDGE HEMANN

               v.              )

                               )

RTM GREAT LAKES, INC., et al.,    )     ORDER

                               )     Docket ## 35, 38

              Defendants.     )

This case has been referred to the magistrate judge for resolution of plaintiff's Motion to Compel, Second Motion to Compel and a dispute over the scheduling of depositions. The court rules as follows.

Motion to Compel.

Plaintiff seeks responses to Interrogatory ## 14-17 and Document Request ## 1 and 2. Defendants have responded to Interrogatory # 14. Interrogatory # 16 seeks the names of all managers promoted to the position of area supervisor in the years 1999 and 2000. As defendants point out, plaintiff was an area supervisor at the time of his termination and has not indicated how the requested information

is either relevant or could lead to relevant information.  Defendants need not respond to the interrogatory.

As for Interrogatory ## 15 and 17 plaintiff seeks the "qualifications" of all individual district partners and

area supervisors identified in Interrogatory ## 14 and 16.  Defendants argue that in order to respond to the

request they would be required to turn over much of the personnel files of the named individuals.

Defendants have produced a document identifying the necessary qualifications for becoming a district

partner.  If defendants have a similar document identifying necessary qualification for becoming an area

supervisor, they shall produce that document.  The court will not require the production of the

"qualifications" of individuals within the scope of Interrogatory ## 14 and 16.

Document Request # 1 seeks information from the personnel files of defendants Harmon,

Paladenic, and Rogers consistent with commitments made by defendants.  Those commitments were to

produce information consistent with caselaw.  From the motion to compel it appears the plaintiff seeks the

entire personnel files of these individuals.  He is primarily concerned about references to the diversity study

given his assertion of retaliation with regard to his participation in that study.  The court orders that

defendants produce any documents in the personnel files of Harmon, Paladenic and Rogers which refer,

relate or pertain to the diversity study or to the plaintiff.

Document Request # 2 seeks information of all disciplinary reports in the files of all Area

Supervisors in Ohio for the years 2001-03.  The request is overbroad and intrusive.  Defendants have

produced disciplinary records in the files of defendants Harmon, Paladenic and Rogers; the court considers

that production to be sufficient.

Second Motion to Compel.

Defendants have responded to plaintiff's second motion to compel by pointing out that they

2

have produced everything requested except RTM's own case files of certain EEOC claims. The court agrees that those files are likely protected by work product and attorney client privilege and therefore need not be produced. Plaintiff also references Request for Production 6; defendants respond that there is no item 6. It is clear to the court that item 6 is the following, previously numbered item 5:

> Please provide the results of RTM's good faith investigation of records related participants [sic] from the Great Lakes Regions in the educational activities known as the area supervisor flight plan and S.O.A.R. (or the equivalents thereof by different names), as agreed by Defendants on page 4 of Attorney Doug Schnee's letter of April 8, 2005.

See Request for Production No. 16, Mr. Schnee's letter of April 8. If any such list has been located, defendants shall produce it within three days of the date of this Order. If it has not been located, defendants shall notify plaintiff of such within three days.

Depositions.

Local Rule 30.1(b)(1) requires counsel to confer prior to setting a date for a deposition. This court has read all of the correspondence related to this issue. It appears that ALL counsel are equally culpable in failing to cooperate. Counsel are to set ALL dates for ALL remaining depositions within three days of the date of this order. If that is not accomplished, each party shall submit to the court a list of depositions it wishes to take, the length of time anticipated for the deposition, and the location of the deponent. The court will then set the dates of the depositions without regard to counsel's schedules.

**NOTE**: All future discovery disputes are to be brought to the attention to the court by telephone. The court will not accept any written motions unless previously approved. Moreover, the court expects counsel to move toward a rapid completion of discovery, refrain from further expenditure of time and client funds on discovery disputes, and position this case for resolution on the merits.

3

Plaintiff's request for attorney's fees is denied.  Defendants' request for imposition of sanctions is denied.

IT IS SO ORDERED.

Dated: August 16, 2005                          s:\Patricia A. Hemann
                                                Patricia A. Hemann
                                                United States Magistrate Judge